# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK MCLEAN SAUNDERS,<br><br>                                    Petitioner,<br>   vs.<br>V. M. ALMAGER,<br><br>                                    Respondent. | CASE NO.  09cv708-L (WMc)<br><br>ORDER DENYING WITHOUT PREJUDICE PETITIONER'S REQUEST FOR APPOINTMENT OF COUNSEL |

Petitioner, a state prisoner proceeding *pro se*, has requested appointment of counsel to pursue his petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254.  The request for appointment of counsel is **DENIED**.

The Sixth Amendment right to counsel does not extend to federal habeas corpus actions by state prisoners.  McCleskey v. Zant, 499 U.S. 467, 495 (1991); Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986); Knaubert v. Goldsmith, 791 F.2d 722, 728 (9th Cir. 1986).  However, financially eligible habeas petitioners seeking relief pursuant to 28 U.S.C. § 2254 may obtain representation whenever the court "determines that the interests of justice so require."  18 U.S.C. § 3006A(a)(2)(B) (West Supp. 1995); Terrovona v. Kincheloe, 912 F.2d 1176, 1181 (9th Cir. 1990); Bashor v. Risley, 730 F.2d 1228, 1234 (9th Cir. 1984); Hoggard v. Purkett, 29 F.3d 469, 471 (8th Cir. 1994).

The interests of justice require appointment of counsel when the court conducts an evidentiary hearing on the petition.  Terrovona, 912 F.2d at 1177; Knaubert, 791 F.2d at 728;

1  Abdullah v. Norris, 18 F.3d 571, 573 (8th Cir. 1994); Rule 8(c), 28 U.S.C. foll. § 2254.  The

2  appointment of counsel is discretionary when no evidentiary hearing is necessary.  Terrovona, 912

3  F.2d at 1177; Knaubert, 791 F.2d at 728; Abdullah, 18 F.3d at 573.

4  　　　　In the Ninth Circuit, "[i]ndigent state prisoners applying for habeas relief are not entitled to

5  appointed counsel unless the circumstances of a particular case indicate that appointed counsel is

6  necessary to prevent due process violations."  Chaney, 801 F.2d at 1196; Knaubert, 791 F.2d at

7  728-29.  A due process violation may occur in the absence of counsel if the issues involved are too

8  complex for the petitioner.  In addition, the appointment of counsel may be necessary if the

9  petitioner has such limited education that he or she is incapable of presenting his or her claims.

10  Hawkins v. Bennett, 423 F.2d 948, 950 (8th Cir. 1970).

11  　　　　In the Eighth Circuit, "[t]o determine whether appointment of counsel is required for

12  habeas petitioners with nonfrivolous claims, a district court should consider the legal complexity

13  of the case, the factual complexity of the case, the petitioner's ability to investigate and present his

14  claim, and any other relevant factors."  Abdullah v. Norris, 18 F.3d at 573 (citing Battle v.

15  Armontrout, 902 F.2d 701, 702 (8th Cir. 1990)); Hoggard, 29 F.3d at 471; Boyd v. Groose, 4 F.3d

16  669, 671 (8th Cir. 1993); Smith v. Groose, 998 F.2d 1439, 1442 (8th Cir. 1993); Johnson v.

17  Williams, 788 F.2d 1319, 1322-23 (8th Cir. 1986).

18  　　　　Because these factors are useful in determining whether due process requires the

19  appointment of counsel, they are considered to the extent possible based on the record before the

20  Court.  Petitioner claims that he has limited access to the prison law library due to frequent lock

21  downs.  Petitioner also claims he has a limited education and is unable to grasp the "legal

22  significance" of the cases and statutes. However, from the face of the petition, filed *pro se*, it

23  appears that Petitioner has a good grasp of this case and the legal issues involved.  Under such

24  circumstances, a district court does not abuse its discretion in denying a state prisoner's request for

25  appointment of counsel as it is simply not warranted by the interests of justice.  See LaMere v.

26  Risley, 827 F.2d 622, 626 (9th Cir. 1987).  At this stage of the proceedings, the Court finds that

27  the interests of justice do not require the appointment of counsel.

28  　　　　The Court also notes that "[w]here the issues involved can be properly resolved on the

1 basis of the state court record, a district court does not abuse its discretion in denying a request for
2 court-appointed counsel." Hoggard, 29 F.3d at 471; McCann v. Armontrout, 973 F.2d 655, 661
3 (8th Cir. 1992); Travis v. Lockhart, 787 F.2d 409, 411 (8th Cir. 1986) (per curiam) (holding that
4 district court did not abuse its discretion in denying § 2254 habeas petitioner's motion for
5 appointment of counsel where allegations were properly resolved on basis of state court record).
6 At this stage of the proceedings, it appears the Court will be able to properly resolve the issues
7 involved on the basis of the state court record.

8      "The procedures employed by the federal courts are highly protective of a *pro se*
9 petitioner's rights. The district court is required to construe a *pro se* petition more liberally than it
10 would construe a petition drafted by counsel." Knaubert, 791 F.2d at 729 (citing Haines v. Kerner,
11 404 U.S. 519, 520 (1972) (holding pro se complaint to less stringent standard) (per curiam));
12 Bashor, 730 F.2d at 1234. The Petition in this case was pleaded sufficiently to warrant this
13 Court's order directing Respondent to file an answer or other responsive pleading to the Petition.

14      "The district court must scrutinize the state court record independently to determine
15 whether the state court procedures and findings were sufficient." Knaubert, 791 F.2d at 729;
16 Richmond v. Ricketts, 774 F.2d 957, 961 (9th Cir.1985); Rhinehart v. Gunn, 598 F.2d 557, 558
17 (9th Cir.1979) (per curiam); Turner v. Chavez, 586 F.2d 111, 112 (9th Cir.1978) (per curiam).
18 Even when the district court accepts a state court's factual findings, it must render an independent
19 legal conclusion regarding the legality of a petitioner's incarceration. Miller v. Fenton, 474 U.S.
20 104, 112 (1985). The district court's legal conclusion, moreover, will receive de novo appellate
21 review. Hayes v. Kincheloe, 784 F.2d 1434, 1436 (9th Cir. 1986).

22      The assistance counsel provides is valuable. "An attorney may narrow the issues and elicit
23 relevant information from his or her client. An attorney may highlight the record and present to
24 the court a reasoned analysis of the controlling law." Knaubert, 791 F.2d at 729. However, as the
25 court in Knaubert noted: "unless an evidentiary hearing is held, an attorney's skill in developing
26 and presenting new evidence is largely superfluous; the district court is entitled to rely on the state
27 court record alone." Id. (citing Sumner v. Mata, 449 U.S. 539, 545-57 (1981), and 28 U.S.C.
28

1  § 2254(d)).[1]  Because this Court denies Petitioner's motion for appointment of counsel, it must
2  "review the record and render an independent legal conclusion." <u>Id.</u>  Moreover, because the Court
3  does not appoint counsel, it must "inform itself of the relevant law.  Therefore, the additional
4  assistance provided by attorneys, while significant, is not compelling." <u>Id.</u>

5      If an evidentiary hearing is required, Rule 8(c) of the Rules Governing Section 2254 Cases
6  requires that counsel be appointed to a petitioner who qualifies under 18 U.S.C. § 3006A(a)(2)(B).
7  Rule 8(c), 28 U.S.C. foll. § 2254; <u>see</u> <u>Wood v. Wainwright</u>, 597 F.2d 1054 (5th Cir. 1979).  In
8  addition, the Court may appoint counsel for the effective utilization of any discovery process.
9  Rule 6(a), 28 U.S.C. foll. § 2254.  For the above-stated reasons, the "interests of justice" in this
10 matter do not compel the appointment of counsel.  Accordingly, Petitioner's request for
11 appointment of counsel is **DENIED** without prejudice.

12     **IT IS SO ORDERED.**

14 DATED: November 19, 2009

16 Hon. William McCurine, Jr.
   U.S. Magistrate Judge
17 United States District Court

---

27 [1]When a pro se petitioner presents a palpable claim that state court factual findings are erroneous, this Court properly exercises its discretion to hold an evidentiary hearing.  In such
28 circumstances, counsel will be appointed. <u>See</u> Rule 8, 28 U.S.C. foll. § 2254. Petitioner has not made such a showing in this case.