UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK McLEAN SAUNDERS,<br><br>　　　　　Petitioner,<br><br>v.<br><br>V.M. ALMAGER,<br><br>　　　　　Respondent. | Civil No. 09cv708 L (WMc)<br><br>**ORDER GRANTING MOTION FOR RECONSIDERATION [doc. #26]; DENYING AS MOOT REQUEST FOR ENLARGEMENT OF TIME TO FILE OBJECTIONS TO THE REPORT [doc. #24]; and REFERRING MATTER TO THE MAGISTRATE JUDGE** |

　　　　On September 16, 2010, the magistrate judge filed a Report and Recommendation ("Report") in this action which seeks a writ of habeas corpus. Petitioner moves for reconsideration because of a factual discrepancy in the Report. Specifically, the Report twice states that petitioner did not file a traverse to respondent's answer when in fact petitioner timely filed his traverse on December 16, 2009. (*See* Report at 21 and 25; Traverse [doc. #21].)

　　　　Civil Local Rule 7.1(i) allows parties to file motions for reconsideration. Under that local rule, a party may apply for reconsideration "[w]henever any motion or any application or petition for any order or other relief has been made to any judge and has been refused in whole or in part. . . ." Civ. L. R. 7.1(i)(1). A party must show "what new or different facts and circumstances are claimed to exist which did not exist, or were not shown, upon such prior application." *Id*. A timely-filed motion for reconsideration under a local rule is considered a motion under Federal Rule of Civil Procedure 59(e). *Schroeder v. McDonald*, 55 F.3d 454, 459

(9th Cir. 1995).

Reconsideration under Rule 59(e) is appropriate "if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in the controlling law." *School Dist. No. 1J, Multnomah County, Oregon v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).  A Rule 59(e) motion "should not be granted[] absent highly unusual circumstances." *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999).

Here, it is clear that the Report suffers from a clear factual error:  petitioner timely filed a traverse that should have been considered in the preparation of the Report.  Accordingly, **IT IS ORDERED:**

    1.    Petitioner's motion for reconsideration is **GRANTED**.

    2.    The magistrate judge shall prepare a Report taking into account the entire record in this case, including petitioner's traverse.

    3.    Petitioner's request for an enlargement of time to file objections to the Report is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

DATED:  October 20, 2010

                                M. James Lorenz
                                United States District Court Judge

COPY TO:

HON. WILLIAM McCURINE, JR.
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL